UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SAMUEL ADAMS ENTERPRISES, LLC,

                    Appellant,

-against-

MOUNTAIN ONE BANK f/k/a HOOSAC BANK,

                    Appellee.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**13-CV-5151 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

On July 15, 2013, Judge Elizabeth S. Stong of the United States Bankruptcy Court, Eastern District of New York, dismissed the case of Samuel Adams Enterprises, LLC ("Samuel Adams"), commenced under chapter 11 of the Bankruptcy Code. (See Dismissal Order (Dkt. 1-1).) On September 16, 2013, Appellant Samuel Adams appealed the decision of the Bankruptcy Court, purportedly through "movant" Gerardo Sanchez. (Appeal (Dkt. 1) at 1.)

On September 17, 2013, Appellee Mountain One Bank f/k/a Hoosac Bank requested a pre-motion conference in anticipation of its motion to dismiss the appeal from Bankruptcy Court. (Appellee Mot. (Dkt. 3).) The court denied the request for a pre-motion conference as unnecessary, granting Appellee leave to file a motion to dismiss and setting a briefing schedule. (Sept. 23, 2013, Order (Dkt. 4).) The motion was fully briefed, including Appellee's moving brief (Appellee Mot. (Dkt. 6)), Appellant's opposition (Appellant Resp. (Dkt. 7)), and Appellee's reply. (Appellee Reply (Dkt. 8).)

After Appellee filed the fully-briefed motion, it received by mail from Sanchez a document titled "Brief of Appellant Samuel Adams Enterprises, LLC" and informed the court of this document and filed it on the docket. (Dec. 4, 2013, Appellee Ltr. (Dkt. 11); Appellant 2d

1

Reply (Dkt. 11-2).) Appellee requested that the court (1) disregard Appellant's late-filed submission as part of the record regarding Appellee's motion to dismiss; (2) hold in abeyance any further briefing on the merits pending a ruling on the motion to dismiss; and (3) extend Appellee's time to file and serve its response, if necessary, until fourteen days following any denial of the motion to dismiss. (Dec. 4, 2013, Appellee Ltr.)

For the reasons set forth below, Appellee's motion to dismiss is GRANTED and Appellee's requests set forth in the letter of December 4, 2013, are DENIED AS MOOT.

## I. BACKGROUND[1]

Appellee issued three loans to Appellant in 2008 in connection with a real estate development project involving two separate properties. (Appellee Mot. at 3.) On March 23, 2012, Appellee notified Appellant that Appellant was in default of the loans for failure to repay the amounts owed in accordance with the terms of the loan agreements. (Id.) Following Appellant's failure to pay the amounts owed and demanded, Appellee undertook efforts to foreclose on the properties, including publishing a notice of foreclosure sale of the properties scheduled for January 24, 2013. (Id.)

On January 23, 2013, the day before the scheduled foreclosure sale of the properties, Appellant filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Bankruptcy Court, Case No. 13-40381 (ESS), and an Order for Relief was entered. (Id.) Following submission of the relevant materials by Appellant, The United States Trustee for Region 2 moved to dismiss the chapter 11 case or, alternatively, to convert it to a case under chapter 7 of the Bankruptcy Code. (Id. at 4.) Appellee filed a written

---

[1] Because the court's ruling does not rely heavily on the facts of the case, the court here provides a limited recitation of the background. Additionally, the court has considered all filings by the parties relating to the motion to dismiss, despite Appellant's second motion being out of time and out of sequence. Finally, the court will cite to Appellee's background and factual description except where the details are disputed by Appellant.

2

joinder to the Trustee's motion on June 21, 2013. On July 15, 2013, following a hearing at which Sanchez and Appellant's bankruptcy counsel appeared and participated, the Bankruptcy Court dismissed the case. (Id. at 5.) On September 16, 2013, Appellant appealed the decision of the Bankruptcy Court to this court. (See Appeal.)

## II.    DISCUSSION

Appellee moves to dismiss Appellant's appeal based on, among other reasons, Appellant's failure to appear by counsel. The Second Circuit has interpreted 29 U.S.C. § 1654, which governs appearances in federal court, "to allow two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.'" Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007) (per curiam) (quoting Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991)). Crucially, the statute "does not permit 'unlicensed laymen to represent anyone else other than themselves.'" Id. The conduct of litigation by a nonlawyer creates burdens for the party he represents, as well as for his adversaries and the court. Id. at 139 (citing Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983)). In sum, "[i]t is well-settled that a corporation must be represented by counsel." In re Bijan-Sara Corp., 203 B.R. 358, 359 (2d Cir. BAP 1996) (citations omitted).

This rationale, and restriction, "applies equally to all artificial entities" and therefore "a layperson may not represent a separate legal entity such as a corporation." Lattanzio, 481 F.3d at 139 (citations omitted). Further, the Supreme Court has acknowledged that, "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." Id. (citing Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,

3

506 U.S. 194, 202 (1993)). This restriction includes limited liability companies. Id. at 140 ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms . . . a limited liability company also may appear in federal court only through a licensed attorney.") (citation omitted).

The Second Circuit has declined to make an exception to this rule for sole member or solely-owned limited liability companies. Id. Specifically, "in refusing to distinguish between a single shareholder corporation and a multi-shareholder corporation, [the Second Circuit has] reasoned that [doing so would] 'flout a well-established and purposeful public policy by means of a procedural device.'" Id. (quoting Jones, 722 F.2d at 23). Where a lay individual chooses to accept the advantages of incorporation, he or she must also bear the legal burdens of that incorporation, including the requirement to have an attorney present the corporation's legal claims. See id.; see also United States v. Hagerman, 545 F.3d 579 (7th Cir. 2008) (holding that limited liability companies cannot litigate unrepresented).

Appellant, through Sanchez, argues that Sanchez should be permitted to represent Appellant as the "sole owner of Appellant/Debtor Samuel Adams Enterprises, LLC" because "[n]either Appellant nor Sanchez have the funds to finance this appeal." (Appellant 2d Reply at 5 n.1; see also Appellant Reply at 2.) In support of his argument, Appellant cites In re Holliday's Tax Servs., Inc., 417 F. Supp. 182 (E.D.N.Y. 1976). (Appellant 2d Reply at 5 n.1; Appellant Reply at 2.) However, the Supreme Court has described that case as "aberrant" and noted that it and another similar Ninth Circuit case from 1970—"which are the only two, of which [the Supreme Court is] aware, to hold that artificial entities may be represented by persons who are not licensed attorneys"—are opinions that "neither follow federal precedent, nor have

themselves been followed." Rowland, 506 U.S. at 202, 202 n.5 (citations omitted); see also Two Old Hippies, LLC v. Catch the Bus, LLC, 784 F. Supp. 2d 1221, 1229 (D.N.M. 2011) (analyzing the policy implications of the rule and the relevant case law, concluding that the court was "bound not to allow any 'business entity' to proceed without an attorney). Notably, here—unlike in Holliday's Tax Services—the corporate entity was in fact represented by counsel in the bankruptcy court proceeding. See generally In re Samuel Adams Enterprises, LLC, No. 13-40381 (ESS), Bankruptcy Court (Docket Entries). Regardless of representation at the Bankruptcy Court, however, the law is clear that Appellant must be represented by counsel here.

Accordingly, Appellee's motion to dismiss is GRANTED and Appellant's appeal is DISMISSED WITHOUT PREJUDICE to renewal if Appellant obtains a licensed attorney to represent it. If counsel is obtained, counsel must file, within 45 days of the entry of this memorandum and order, an amended notice of appeal and a notice of appearance. If Appellant does not file an amended notice of appeal and notice of appearance within 45 days of the entry of this opinion, the Clerk of Court is instructed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
December 13, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge